IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TRAESY LYNN HORTON a.k.a.
TRACY LYNN HORTON                                                PLAINTIFF

VS.                           CIVIL ACTION NO. 5:15-cv-27(DCB)(MTP)

RONNY TAYLOR AND
ENCANA OIL & GAS (USA) INC.                                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Encana Oil & Gas (USA) Inc. ("Encana")'s motion to dismiss and for summary judgment **(docket entry 7).** Having carefully considered the motion and the plaintiff's response, the memoranda of the parties and the applicable law, and being fully advised in the premises, the Court finds as follows:

As Encana has moved for relief under Rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure, two different standards are implicated. In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

 The Supreme Court's examination of the issue in Iqbal provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  Id.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

 Summary judgment is apposite "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.Pro. 56(a). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law.  An issue is

'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party." Ginsberg 1985 Real Estate P'ship v. Cadle Co., 39 F.3d 528, 531 (5th Cir. 1994) (citations omitted). The party moving for summary judgment bears the initial responsibility of apprising the district court of the basis for its motion and the parts of the record which indicate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"Once the moving party presents the district court with a properly supported summary judgment motion, the burden shifts to the non-moving party to show that summary judgment is inappropriate." Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). But the nonmovant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Moreover, "[t]he mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 252. Summary judgment must be rendered when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

3

trial." Celotex Corp., 477 U.S. at 322.

Because Encana's motion contains allegations of fact disputing the factual allegations of the Complaint, the Court shall treat Encana's motion as one for summary judgment. See Fed.R.Civ.P. 12(d); Gill v. CL Medical SARL, 2015 WL 5521866, *1 (S.D. Miss. Sept. 18, 2015)(if matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment). Encana presents the following summary judgment evidence:

In November of 2014, the plaintiff, Traesy Lynn Horton ("Horton"), contacted Encana and represented that he owned 100% of the minerals in 85 acres of land ("the Property"). Based on this representation, Encana's lease broker, Exploration Land Services, LLC ("ELS") sent a letter dated November 19, 2014, to Horton offering to lease Horton's minerals for $350.00 per mineral acre ($29,750.00). Encana's Exhibit 1. The offer was expressly made "subject to approval of title." (In Mississippi, when an offer to lease or purchase is made subject to approval of title, no money is owed if title is not approved. Figg v. Cupit, 401 So.2d 722 (Miss. 1981)). Thereafter, ELS reviewed the title and found that Horton's claimed title was unmerchantable. Title was not approved. ELS immediately advised Horton of the title failure. Encana's Exhibits 2 and 3. Despite being advised of the title failure, Horton instructed his bank to present the sight draft for payment. The

sight draft was received by ELS's bank on January 21, 2015, and was immediately disapproved on January 22, 2015. Encana's Exhibits 4 and 5. The sight draft was timely denied due to Horton's unmerchantable title. Id. Encana presents the following facts to support its position that Horton's claimed title was unmarketable:

In a prior lawsuit, Tracy L. Horton vs. Natalie Childs, et al., Cause No. 96-0016, filed in 1996 in the Chancery Court of Amite County, Mississippi ("the Prior Suit"), the chancery court entered an Order dated August 10, 1998 (Encana's Exhibit 6), finding that Horton agreed to convey his interest in 65 acres of the Property to Richard Durham, who was an adjoining property owner. The Prior Suit also reveals that Horton represented to Richard Durham that he owned 100% of the Property while he really only owned a fractional interest as one of the many heirs of McKinley Horton and Wes Horton, both deceased. Id. The chancery court dismissed Horton's Complaint with prejudice and ordered the chancery clerk to convey Horton's interest as follows:

> That the Chancery Clerk of Amite County, Mississippi, the Hon. Ronny Taylor, is hereby ordered to execute a deed on behalf of Tracy L. Horton conveying his interest in the subject Property unto Richard P. Durham.

Id. at ¶4. The chancery clerk executed the mandated deed. Encana's Exhibit 7.

The Prior Suit also showed that Horton's predecessor in interest, McKinley Horton, had previously conveyed twenty acres of the Property to Buck Durham by Warranty Deed dated May 28, 1968.

5

Encana's Exhibits 8 and 9. The chancery court dismissed all of Horton's claims in the Prior Suit with prejudice. Encana's Exhibit 6. Horton appealed the Prior Suit to the Mississippi Supreme Court. Encana's Exhibit 13 (Notice of Appeal). On December 21, 2000, the Mississippi Supreme Court affirmed the chancery court's decision per curiam. Encana's Exhibit 14. Therefore, the chancery court's decision has been final for over fourteen years.

In Figg, 401 So.2d at 723, the plaintiff agreed to execute a term royalty deed to the defendant for $9,112.50. The plaintiffs signed the deed. Id. The defendant delivered a sight draft to the plaintiffs which stated, "UPON APPROVAL OF TITLE BUT NO LONGER THAN 10 DAYS AFTER ARRIVAL AT COLLECTING BANK." Id. The defendant then reviewed the title and found questions as to whether title was valid. Id. Based on his title review, the defendant timely informed the plaintiff that the deal was off and instructed his bank not to pay the draft. Id. at 723-24. The Mississippi Supreme Court held that since the draft was payable "UPON APPROVAL OF TITLE", the parties' contract was a "purchaser satisfaction contract," and that since the defendant was not satisfied with the plaintiff's title in good faith, he had the contractual right to dishonor the draft. Id.

In the case before this Court, Encana's offer to lease Horton's minerals was "subject to approval of title." Horton's claimed title failed, title was not approved, and Encana's broker

6

properly dishonored the sight draft.  Encana has shown that there is no genuine dispute as to any material fact, and that it is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(a).  Horton has failed to assert any facts that would create a genuine factual dispute, and the Court shall therefore consider Encana's facts undisputed for purposes of this motion.  Fed.R.Civ.P. 56(e)(2).  Because Encana had the right to dishonor the sight draft when it discovered that Horton's title failed, Encana is entitled to summary judgment.

    Accordingly,

    IT IS HEREBY ORDERED that defendant Encana Oil & Gas (USA) Inc.'s motion to dismiss and for summary judgment **(docket entry 7)**, which the Court treats as a motion for summary judgment, is GRANTED.

    SO ORDERED, this the 23rd day of October, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE