```
         IN THE UNITED STATES DISTRICT COURT FOR
           THE SOUTHERN DISTRICT OF MISSISSIPPI
                     WESTERN DIVISION


TRAESY LYNN HORTON a.k.a.
TRACY LYNN HORTON                                       PLAINTIFF

VS.                         CIVIL ACTION NO. 5:15-cv-27(DCB)(MTP)

RONNY TAYLOR AND
ENCANA OIL & GAS (USA) INC.                            DEFENDANTS
```

### MEMORANDUM OPINION AND ORDER

This cause is before the Court on defendant Ronny Taylor ("Taylor")'s Motion to Dismiss and for Summary Judgment **(docket entry 22)**. Having carefully considered the motion, to which no response has been filed by the plaintiff, the Court finds as follows:

Plaintiff Traesy Lynn Horton ("Horton") failed to serve defendant Taylor with process. However, defendant Taylor executed a waiver of service of process on June 22, 2015, which was filed with the Court on June 23, 2015. (Docket entry 20). On June 24, 2015, Taylor filed his Motion to Dismiss and for Summary Judgment. Horton had previously filed motions for default judgment against Taylor on June 2, 2015, June 15, 2015, and June 17, 2015. The motions were denied by this Court on October 23, 2015.

Taylor moves for relief under both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure. Since the Court finds that the Complaint on its face fails to state a claim on which relief can be granted against Taylor, it is unnecessary to address

the Rule 56 motion for summary judgment.

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

The Supreme Court's examination of the issue in Iqbal provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that,

2

because they are no more than conclusions, are not entitled to the assumption of truth." Id.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

Plaintiff Horton's Complaint arises from a lawsuit filed in 1996 in the Chancery Court of Amite County, Mississippi, Tracy L. Horton vs. Natalie Childs, et al., Cause No. 96-0016 ("the Prior Suit").  The Chancery Court entered an Order (attached to defendant Taylor's motion as Exhibit B) dated August 10, 1998, finding that Horton agreed to convey his interest in 65 acres of the Property to Richard Durham, who was an adjoining property owner. (Exhibit B, ¶ 4).  The Prior Suit also reveals that Horton represented to Richard Durham that he owned 100% of the Property while he really only owned a fractional interest as one of the many heirs of McKinley Horton and Wes Horton, both deceased. (Id.).  The chancery court dismissed Horton's Complaint with prejudice and ordered the chancery clerk to convey Horton's interest as follows:

> That the Chancery Clerk of Amite County, Mississippi, the Hon. Ronny Taylor, is hereby ordered to execute a deed on behalf of Tracy L. Horton conveying his interest in the subject Property unto Richard P. Durham.

(Id.).  The chancery clerk executed the mandated deed.  See Quitclaim Deed of August 13, 1998 (Docket entry 7-7).

Defendant Taylor's only involvement in this matter is in his capacity as chancery clerk following a specific instruction of the

chancery court judge.  Taylor is therefore being sued based on acts arising out of the performance of his official duties as chancery clerk.  Like judges, chancery clerks are entitled to absolute immunity for actions taken pursuant to their office.  <u>Boston v. Lafayette County, Mississippi</u>, 744 F.Supp. 745, 750 (N.D. Miss. 1990), <u>aff'd</u>. 933 F.2D 1003 (5th Cir. 1991)("quasi-judicial immunity shields lower officials, such as clerks, who implement judicial orders"); <u>Johnson v. Craft</u>, 673 F.Supp. 191, 193 (S.D. Miss. 1987)("Court clerks are immune from liability when performing official acts.").

    Ronny Taylor was acting within the scope of his duties when he executed the deed complained of by the plaintiff.  He is therefore entitled to the protection of quasi-judicial immunity on the face of the plaintiff's Complaint.  Defendant Taylor's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) shall therefore be granted and this case dismissed with prejudice.

    Accordingly,

    IT IS HEREBY ORDERED that defendant Ronny Taylor's motion to dismiss **(docket entry 22)** is GRANTED, and Taylor's motion for summary judgment **(docket entry 22)** is MOOT.

    The Court previously granted defendant Encana Oil & Gas (USA) Inc.'s motion for summary judgment in its October 23, 2015, Memorandum Opinion and Order.

    A separate Final Judgment dismissing all defendants in this

case with prejudice shall be entered of even date herewith.

SO ORDERED, this the 6th day of November, 2015.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE